## Stanley *versus* Southwood.

*Award at common law to be valid, must be certain and intelligible in itself.*

Where arbitrators chosen under a submission at common law to settle an account between J. and W., partners, awarded a sum of money to J. to be paid by W., " including the rent that would be due by J. at the termination of the lease at Rising Sun," the award was held uncertain and bad: and that in an action of debt thereon it cannot be sustained by any averments as to the intention of the arbitrators.

ERROR to the District Court of *Philadelphia*.

This was an action of debt by Jesse Stanley against William Southwood, upon an award of arbitrators, which had been made under an amicable submission.

[Stanley *v.* Southwood.]

The plaintiff filed two counts upon the award. The first count set out the award in full, and all the papers referred to therein; the second was a general *indebitatus* count. To these the defendant at first pleaded *nil debet*. On the trial, after the plaintiff had given the award in evidence, the judge before whom the case was tried (SHARSWOOD, J.) nonsuited the plaintiff on the ground that the award was too uncertain to justify a recovery on it. Subsequently the nonsuit was taken off, when the defendant demurred to the first count, and demanded oyer of the award. The demurrer was on hearing sustained, and oyer of the alleged award granted. The defendant then demurred to that count also, and judgment was given in his favour also.

By leave of the court, the plaintiff then filed an additional count substantially the same as the first, with the award and other papers therein referred to set out in full, but with certain averments which were not in the other counts, all which are mentioned in the opinion of this court. To this count the defendant also demurred, and the court sustained the demurrer.

The plaintiff and defendant had been partners as florists; and had rented property on which their nursery had been planted. This partnership had been dissolved by the parties on the 15th of June 1858. The manner in which their partnership business was to be closed, was stated intelligibly in their article of dissolution. On the 29th of October 1860, they agreed to refer their copartnership and other dealings to three men. Those men met the parties, and attempted to make an award, which is the paper on which this action was brought.

After directing the payment of a certain sum to plaintiff, the award continued, "including the rent that would be due by Jesse Stanley at the termination of the lease of property at the Rising Sun in 1862."

It also contained the following sentence: "The debts of the partnership concern, it being understood to be settled as already provided for in the articles of dissolution." The articles of dissolution stipulated that the parties had agreed "to settle up the business done in partnership, according to the original agreement between us." The original agreement, as set out, provided that "each was to share one-half of all the profits and losses." These provisions in the award the court below held were not sufficiently certain to sustain the action.

Beside this, the submission was of copartnership and other dealings, "while the award professed to settle all matters in relation to their business in dispute between them," from which the court below held that the arbitrators misunderstood the extent of their powers.

The errors assigned in this court were the judgments entered on defendant's demurrers.

[Stanley v. Southwood.]

*C. Sargeant* and *E. S. Miller*, for plaintiff in error.

*Thomas Greenbank*, for defendant.

The opinion of the court was delivered, May 6th 1863, by

READ, J.—This is an action of debt upon an award of arbitrators, made under a submission at common law, and is not affected by the provisions of any Act of Assembly, or by the decisions growing out of them. Upon demurrer to the original counts in the declaration, the court below sustained the demurrer. The plaintiff then, by leave of the court, filed an additional count, which, in addition to the submission, the award, the articles of dissolution, and the original agreement, contained certain averments intended to meet the objections to the original counts, as stated in the opinion of the court below. The court, thinking that these averments did not remedy the defects apparent on the face of the papers, and particularly of the award, gave judgment for the defendant upon a demurrer to this count, and the only question before us is, does this additional count set out a good cause of action?

The first objection is, that the arbitrators selected to settle a partnership account having awarded a large sum of money to one of the partners, leave the question open, of what are the partnership debts? Second, the award says, we "do hereby decide to award Jesse Stanley eight hundred and seventy-six dollars and fifty-eight cents ($875.58), to be paid by William Southwood, including the rent that would be due by Jesse Stanley at the termination of the lease of property at Rising Sun, in 1862." The award was made the 20th November 1860. This is uncertain and ambiguous, and not aided in any way by the other papers in this court, and it is impossible to say whether the arbitrators, after crediting the rent in question to the defendant, found the sum awarded to be the balance due the plaintiff, or whether that rent is still to be deducted from the amount. No one can tell what it really means. The third objection is, that the submission is "of copartnership and other dealings," whilst the award states that they, the arbitrators, were selected "to settle all matters in relation to their partnership business in dispute between them," and so far as appears on the face of the papers taken together, this would seem to be all they intended to do.

To meet these difficulties and uncertainties the plaintiff proceeds to aver, 1st, "That the said arbitrators, before making their said award, did fully consider all copartnership and other dealings in dispute, or unsettled between said parties, according to and in pursuance of the terms of said submission, and that said award refers to, disposes of, settles, adjusts, and determines

[Stanley *v.* Southwood.]

all such copartnership and other dealings so in dispute or unsettled between said parties, as aforesaid."

2d. " That the true meaning and intent of said award is, and that the said arbitrators therein and thereby declared and awarded, that after crediting the said defendant with the rent in said award mentioned, by deducting said rent from the sum or amount found by them to be due by said defendant to said plaintiff, there still remained due, and was due by said defendant to said plaintiff, at the date of said award, the sum of $876.58, which said arbitrators, in and by their said award, awarded to be paid to said plaintiff by said defendant."

It will be observed that these averments do not touch the first objection, and that even supposing the award may be contradicted by showing that the other dealings, as well as those of the copartnership, were before the arbitrators, and disposed of by them in their award, yet it is clear that the averment of the intention of the arbitrators cannot cure the undoubted uncertainty of the award, as stated in the second exception. In Gratz *v.* Gratz, 4 Rawle 437, Mr. Justice Kennedy says, " In 1 Bac. Abr. tit. *Arbitrament and Award* (E.), p. 212, it is laid down that ' as an award is a judgment, and can only be *expounded by itself*, without the aid of an averment *dehors*, to explain the meaning of the arbitrators, it is necessary that it should appear on the face of it.' " And at page 438 he says, " But then it must be observed that it is not barely sufficient, in order to make an award good, that the parties as well as the arbitrators should understand what was meant and intended by it at the time of making it. It ought to be in such clear and intelligible terms that every one who reads it may comprehend and understand it. The arbitrators cannot be called on, nor will they be admitted to declare and explain what it was that they intended by their award." " To supply such deficiencies in awards by averments, and the introduction of parol evidence is so contrary to the established rule as never to be thought of at the present day, and to be so, indeed, would overturn the whole doctrine as it regards awards in this respect." P. 439.

The same doctrine is laid down in a learned note, by one of our very ablest jurists, to the American edition of Kyd on Awards, p. 333, and the same principles were distinctly enunciated by Judge Washington, in Kingston *v.* Kincaid, 1 W. C. C. R. 448, and by the Supreme Court of Massachusetts, in Bigelow *v.* Maynard, 4 Cush. 317, and Clark *v.* Burt, Id. 396.

Judgment affirmed.